907 F.2d 159
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Walter C. CURTIS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 90-3084.
 United States Court of Appeals, Federal Circuit.
 June 15, 1990.
 
 Before MAYER, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board in Docket No. CH07528910238, affirming the United States Postal Service's removal of Walter C. Curtis from his position as Supervisor of Mail and Delivery for conduct unbecoming a postal employee, is affirmed.
 
 OPINION
 
 2
 The board thoroughly treated and correctly disposed of each of the arguments Curtis raises on appeal. First, it explicitly addressed and rejected Curtis' argument that Heard started the altercation and that Curtis acted only in self-defense. It found that Curtis' testimony on this point contradicted his earlier sworn statement, while the testimony given by Heard and Tolliver was both mutually consistent and corroborated by their respective sworn statements. Accordingly, the board credited Heard and Tolliver. Curtis has not shown that these findings, based as they are on credibility determinations, are erroneous. See 5 U.S.C. Sec. 7703(c) (1988); Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 3
 Second, we cannot say that the agency's choice of penalty in this case "was totally unwarranted in light of all the facts." DeWitt v. Department of Navy, 747 F.2d 1442, 1445 (Fed.Cir.1984). Contrary to Curtis' assertion, both the board and the agency considered in mitigation of the penalty Curtis' medical condition as well as his unblemished Postal Service record. Nevertheless, "in light of the absence of credible evidence that [Curtis'] misconduct was provoked and the serious nature of the misconduct charged," the board sustained the agency's penalty. Since Curtis has not shown that any of the board's factual findings are erroneous, we too must sustain his removal. As long as the agency has responsibly balanced all relevant factors and considered the unique circumstances of the case, as the board found the agency had done here, we must uphold its choice of penalty. Id.